**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **DARIAN CHANEY** | : | **CIVIL ACTION NO. 2:24-CV-01724** |
| **VERSUS** | : | |
| **BRADLEY JEROME ET AL** | : | **MAGISTRATE JUDGE LEBLANC** |

**ORDER**

Before the court is a Motion for Leave to File an Amended Complaint (the "Motion to Amend") [doc. 35, as re-urged in docs. 38, 43, 60, 61] and a multitude of Motions to Compel [docs. 50, 52, 53, 62, 70, 71, 76, 80, 83, 84, 90, 91, 93, 94] filed by *pro se* plaintiff Darian Chaney. Also before the court are defendants Sheriff John Craft, Bradley Jerome, and Heather Patterson's Motion to Stay Discovery [doc. 65], Motion for Expedited Consideration [doc. 66] of same, and Motion to Defer Consideration of Plaintiff's Motions to Compel [doc. 89]. As the motions are inter-related, the court will resolve them each in turn.

**A. Motion to Amend**

Plaintiff filed the Motion to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2). Docs. 38, 43, 60, 61. Specifically, Plaintiff seeks to remove his previous official capacity claims against defendants Bradley Jerome and Heather Patterson to sue them only in their individual capacities. *Id.* Defendants did not file an opposition to the motion. Moreover, in a more recent filing, Plaintiff attached correspondence from defense counsel wherein defense counsel advises he does not oppose the filing of Plaintiff's proposed amended complaint in this matter. Doc. 57, att. 1. Thus, the motion for leave is unopposed.

Rule 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Thus, Rule 15(a) expresses "a strong presumption in favor of liberal pleading." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997).

Leave to amend is not automatic; the "decision to grant or deny a motion to amend is in the sound discretion of the trial court." *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citing *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987)). However, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) (citing *Lone Star Motor Import v. Citroen Cars*, 228 F.2d 69, 75 (5th Cir. 1961)). Substantial reasons to deny leave include: "1) undue delay, 2) bad faith or dilatory motive, 3) repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (*Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 864 (5th Cir. 2003)).

Plaintiff's Motion to Amend was filed before a trial date or a deadline for amending pleadings had been set. Further, Defendants did not file an opposition to the motion, and clearly stated they have no opposition, so there has been no showing that any of the reasons to deny leave to amend are present. The court, thus, sees no apparent reason why leave to amend should not be "freely given." *See Foman v. Davis*, 83 S. Ct. 227, 230 (1962). Considering the policy in favor of granting leave to amend, Plaintiff should be granted leave to do so in this instance. Accordingly, Plaintiff's Motion to Amend [doc. 35, as re-urged in docs. 38, 43, 60, 61] is **GRANTED**.

**B. Motion to Stay Discovery and Motion to Expedite Consideration of Same**

Defendants move to stay discovery pending the resolution of their pending Motion for Judgment on the Pleadings [doc. 64] asserting that their invocation of qualified immunity warrants a stay of all discovery [doc. 65]. Defendants also assert that consideration of the Motion to Stay

should be expedited as the stay is required under precedent of the United States Fifth Circuit Court of Appeals, making the need for opposition unnecessary. Doc. 66.

Through their Motion for Judgment on the Pleadings, Defendants assert that Plaintiff's excessive force and "Not having to Pay for Medical Care while Incarcerated" claims [*see* doc. 1, p. 5] fail because defendants Jerome and Patterson are entitled to qualified immunity. Doc. 64. The Motion for Judgment on the Pleadings, however, focuses on Plaintiff's original complaint in this matter [doc. 1] rather than the Amended Complaint this Order permits Plaintiff to file. Nonetheless, while Plaintiff's Amended Complaint [doc. 61, att. 1] removes his "Claim for Not having to Pay for Medical Care while Incarcerated", it still includes the same excessive force claim against defendant Jerome, in response to which the Motion for Judgment on the Pleadings invokes defendant Jerome's qualified immunity. Accordingly, notwithstanding the granting of Plaintiff's Motion to Amend, the court still agrees with Defendants that a stay is warranted based on the assertion that defendant Jerome is entitled to qualified immunity.

"The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity ***must*** be stayed until resolution of the defense of qualified immunity." *Williams v. Town of Clinton*, No. CV 23-119-BAJ-RLB, 2023 WL 3791388, at *2 (M.D. La. June 2, 2023) (emphasis added) (citing *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022) ("Where public officials assert qualified immunity in a motion to dismiss, a district court must rule on the motion. It may not permit discovery against the immunity-asserting defendants before it rules on their defense.")); *see also Majors v. City of Canton, Mississippi*, No. 25-60148, 2025 WL 3755537 at *2 (5th Cir. Dec. 29, 2025) ("A court 'may not defer ruling' on a qualified immunity assertion, nor allow even 'cabined' discovery, 'before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.'"); *Brown v. Bihm*, No. 2:22-CV-03854, 2023 WL 4244712 at

*1 (W.D. La. June 28, 2023) ("Fifth Circuit precedent permits discovery only after the court determines that 'the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'"). Because this stay is required pursuant to Fifth Circuit precedent, the stay is a matter of right, which need not be briefed by the parties. Moreover, there is "no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity." *Williams*, 2023 WL 3791388, at *2 (citing *Miller v. LeBlanc*, No. 21-353-BAJ-RLB, 2022 WL 17490971 (M.D. La. Dec. 7, 2022)). For these reasons, the Motion to Stay Discovery [doc. 65] is **GRANTED** as to all defendants and all discovery is **STAYED** until further order of this court. Further, inasmuch as the stay of discovery is of right for the Defendants, and so the court need not await an opposition to the Motion to Stay Discovery, the Motion to Expedite Consideration [doc. 66] is also **GRANTED**.

The court notes, however, that because Plaintiff's Motion to Amend [doc. 35, as re-urged in docs. 38, 43, 60, 61] was granted, Defendants are now obligated to respond to the Amended Complaint [doc. 61, atts. 1-2] and amend their Motion for Judgment on the Pleadings [doc. 64] to address the same as they see fit.

**C. Motions to Compel**

Discovery motions filed in this court are required to follow Local Rules 37.1[1] and 26.6[2] as well as Federal Rule of Civil Procedure 37(a)(1).[3] In one or more respects, most of Plaintiff's discovery motions [docs. 50, 52, 53, 62, 70, 71, 76, 80] fail to comply with one or more of these rules.

Although Plaintiff is proceeding *pro se* and is "held to a less stringent pleading standard than documents drafted by attorneys and [is] entitled to a liberal construction, allowing all

reasonable inferences that can be drawn from [his] pleadings[,]" *Morgan v. Fed. Exp. Corp.*, 114 F.Supp.3d 434, 436 (S.D. Tex. 2015), he nevertheless must "still comply with the rules of procedure," *Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265 (5th Cir. 1999) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972); *Grant v. Cellular*, 59 F.3d 523, 524 (5th Cir. 1995)).

Moreover, considering the stay issued hereinabove, Plaintiff's discovery motions, including his more recent Motions to Compel [docs. 83, 84, 90, 91, 93, 94] must also be denied at this juncture. Accordingly, **IT IS ORDERED** that each of Plaintiff's discovery motions [docs. 50, 52, 53, 62, 70, 71, 76, 80, 83, 84, 90, 91, 93, 94] is **DENIED WITHOUT PREJUDICE**. Furthermore, Defendants' Motion to Defer Consideration of Plaintiff's Motions to Compel [doc. 89] is **DENIED AS MOOT**.

## CONCLUSION

For the reasons discussed above,

**IT IS HEREBY ORDERED** that the Motion for Leave to File an Amended Complaint [doc. 35, as re-urged in docs. 38, 43, 60, & 61] is **GRANTED**. The Clerk of Court is directed to file Plaintiff's most recent Amended Complaint [doc. 61, atts. 1-2] into the record of this matter.

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay Discovery [doc. 65] and Motion to Expedite Consideration of same [doc. 66] are **GRANTED** and all discovery in this matter is **STAYED** until further order of this court.

**IT IS FURTHER ORDERED** that each of Plaintiff's Motions to Compel [docs. 50, 52, 53, 62, 70, 71, 76, 80, 83, 84, 90, 91, 93, 94] is **DENIED WITHOUT PREJUDICE**. **Once the discovery stay is lifted**, Plaintiff may re-urge the subject matter of his various motions herein denied, if relevant to any surviving claims, by filing a single motion (a "Comprehensive Discovery

Motion") that addresses all Plaintiff's outstanding discovery to Defendants as of the date of this Order. This Comprehensive Discovery Motion must comply in all respects with all the aforementioned rules, including, without limitation, containing an appropriate certificate of conference (*see* endnotes 1 and 3) and attaching copies of all outstanding requests and responses (*see* endnote 2).

**IT IS FURTHER ORDERED** that Defendants' Motion to Defer Consideration of Plaintiff's Motions to Compel [doc. 89] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that no party shall serve any additional discovery or file any additional discovery motions until the discovery stay is lifted.

**THUS DONE AND SIGNED** in chambers this 20th day of October, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] "A motion relative to discovery will not be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice. Counsel for the moving party must arrange the conference. A proposed order must accompany each motion filed under this paragraph. If the court finds that opposing counsel has willfully refused to meet and confer, or, having met, willfully refused or failed to confer in good faith, the court may impose such sanctions as it deems proper." LR 37.1. The Local Rules of this court can be found on this court's website at https://www.lawd.uscourts.gov/local-rules.

[2] "A motion concerning a discovery dispute must include as an exhibit the discovery requests and responses or objections that are at issue." LR. 26.6.

[3] "[A] party may move for an order compelling disclosure or discovery," provided "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37.1(a).